UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRENDA GILL,

                              PLAINIFF,

--Against –

CITY OF NEW YORK,
MICHAEL GILSENAN, *in his individual Capacity,*

                              DEFENDANTS.
-----------------------------------------------------------------X

      Plaintiff, BRENDA GILL, by her attorneys, LAW OFFICES OF AMBROSE WOTORSON alleges as follows:

## I.    INTRODUCTION

      1.    Plaintiff seeks to vindicate her disability rights. Plaintiff has previously made requests for reasonable accommodations for a disabling condition that adversely affected one or more of her major life functions, but those requests have been spurned , defendant has failed to fully engage plaintiff in an interactive process and defendants have unreasonably refused plaintiff's request for a reasonable accommodation. Indeed, no undue hardship would result if defendants granted plaintiff 's reasonable accommodation request.

1

## II. JURISDICTION

2. This court has jurisdiction over the subject matter of this Complaint under the Rehabilitation Act, 29 U.S.C. Section 701, 794. et seq.

3. Venue is proper since the complained of acts occurred in this judicial district.

## III. PARTIES

4. Plaintiff, BRENDA GILL, who resides at 990 Schenck Avenue, Brooklyn, NY, 11207, has been an employee of the City of New York's Department of Environmental Protection, since August 18, 1989. Plaintiff currently serves an Asbestos Analyst, with civil service title of Assistant Mechanical Engineer, which she has also held since the time of her hire in 1989.

5. CITY OF NEW YORK, (through is Department of Environmental Protection), at all relevant times, employed Plaintiff as an "Asbestos labs analyst". It is an employer and it may sue or be sued. Its principal place of operation is located at 59-17 Junction Boulevard, in Flushing, New York. Further, Defendants are recipients of federal financial assistance as a "first responder" agency of the City of New York. For example, the agency receives federal assistance for its "biowatch" anti-terrorism program.

6. MICHAEL GILSENAN, at all relevant times, served as plaintiff's Supervisor and as Deputy Commissioner of the Bureau of Environmental Compliance, where plaintiff works. He is being sued in his individual capacity for violating plaintiff's protected rights.

## IV.    FACTUAL AVERMENTS

7. Plaintiff took an extended leave of absence in December 2010 because she suffered from multiple myeloma, a form of bone cancer and a disabling condition, which affected at least two major-life functions, such as walking and standing.

9. In fact, plaintiff's multiple myeloma makes it painful for her to walk or to stand for extended periods of time.

10. Defendant was, and is, well aware that Plaintiff suffers from Multiple Myeloma, and that Plaintiff previously sought, and obtained, permission to take an extended leave of absence because of her condition.

11. When plaintiff returned from her leave of absence, about July 2012, she found that her previously assigned company vehicle had been taken away from her, though she continued to perform her duties as an Asbestos Analyst.

12. Upon information and belief, it was individual defendant, MICHAEL GILSENAN, who ordered that plaintiff's assigned vehicle be taken away from her, and now, has sought to justify the same.

13. On or about October 30, 2015, Plaintiff, through counsel, requested a reasonable accommodation that she be re-assigned an agency vehicle to commute to and from Brooklyn, New York, where she resides, and 96-05 Horace Harding Expressway in Flushing, New York, where she works for the New York City Department of Environmental Protection.

14. Such a commute typically takes approximately 60 – 90 minutes long, entails walking up and down stairs, standing on a platform, and typically, standing inside the train whilst it is moving.

15. Between October 23, 2015 and May 18, 2016, Defendant, City of New York, through its Department of Environmental Protection, did not have any interactive process with plaintiff and otherwise ignored plaintiff's request for a reasonable accommodation.

16. There is no good faith, non-pretextual reason why municipal defendant ignored plaintiff's request for some six months.

17. On May 18, 2016, defendant denied plaintiff's request for a reasonable accommodation.

18. The denied was devoid of any legitimate business reason or a showing of an undue hardship.

19. Indeed, defendants admitted that vehicles are regularly given to employees for overnight use when employees must respond to emergencies during non-business hours.

20. Defendants admitted that inspectors, who are similarly situated to plaintiff must respond to emergencies during non-business hours, and that plaintiff's direct supervisor, must respond to emergencies during non-business hours.

21. Defendant failed to admit, however, that plaintiff is always "on-call" and as a First Responder, is always required to respond to emergencies when so requested, thereby qualifying her use of a vehicle.

22. There are no undue hardships that prevent Defendant from re-assigning an agency vehicle to Plaintiff.

23. In fact, an agency vehicle had previously been assigned to Plaintiff for approximately seven years, pursuant to the terms of a prior settlement agreement, prior to her taking an extended leave of absence due to a serious medical condition that affected one or more of her major life functions.

24. As a proximate result of defendant' illegal acts towards plaintiff, plaintiff has suffered a loss of earnings, bonuses and other employment benefits.

25. As a further proximate result of defendant' illegal actions towards plaintiff, plaintiff has suffered impairment and damage to plaintiff's good name and reputation.

26. As a further proximate result of defendant' illegal actions towards plaintiff, plaintiff has suffered mental anguish and emotional injuries.

27. As a further proximate result of defendant' illegal actions towards plaintiff, plaintiff has been unable to ameliorate her employment situation, despite her best efforts to do so.

28. Defendant' illegal actions were willful, outrageous and were malicious, and were intended to injure plaintiff, and were done with reckless indifference to plaintiff's protected rights, entitling plaintiff to punitive damages as against individual defendants.

V. **CAUSES OF ACTION**

**CAUSE OF ACTION– Rehabilitation Act, 29 U.S.C. 794 et seq**.

29. Plaintiff hereby repeats and realleges each allegation contained in each numbered paragraph above.

30. Defendant subjected plaintiff to disability discrimination by refusing to engage in an interactive process with plaintiff and her health care providers after she suffered from a debilitating and refused to accommodate her.

31. These actions violated the *Rehabilitation Act, 29 U.S.C. 794 et seq*.

**WHEREFORE**, plaintiff prays that this court,

a. award to her damages, both compensatory and punitive, for the wrongs alleged herein and requests that this court also grant;

b. reasonable attorneys' fees and costs in prosecuting this action;

c. a trial by a jury; and

d. Any other equitable relief that the Court deems appropriate.

Dated: New, New York
August 21, 2017

Respectfully Submitted,
Law Offices of Ambrose Wotorson
*S// **Ambrose W. Wotorson, Jr.***
Ambrose W. Wotorson, Jr.
225 Broadway, 41st Floor
New York, New York 10007
646-242-3227
Loaww1650@aol.com